IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
CHIEF JUDGE MARCIA S. KRIEGER

Civil Action No. 18-cv-03120-MSK-SKC

CUATTRO, LLC,

    Plaintiff,

v.

KEITH W. CARTER,

    Defendant.

---

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT**

---

**THIS MATTER** comes before the Court pursuant to the Plaintiff's ("Cuttaro") Motion for Default Judgment (**# 16**), to which no response was filed.

## FACTS

Cuttaro commenced this action on December 4, 2018, and filed an Amended Complaint (**# 7**) on December 14, 2018. The Amended Complaint and its attached exhibits allege that Mr. Carter and his business entity, Digital Imaging Solution, LLC, were involved in litigation in this court over unpaid invoices they owed to Cuttaro. On or about October 5, 2018, the parties resolved that litigation, entering into an agreement by which Mr. Cater would pay Cuttaro the sum of $97,407.59, plus certain interest. That agreement was memorialized in two different documents, a Promissory Note ("the Note") and a Personal Guaranty ("the Guaranty"). Although, as discussed below, the terms of the two documents differ in certain respects, both called for Mr. Carter to pay the promised sum plus interest in monthly payments of a specified amount. The Complaint alleges that Mr. Carter made the first payment as scheduled, but failed

1

to make any further payments. It therefore asserts a single claim against Mr. Carter, sounding in breach of contract under Colorado law.

Mr. Carter did not file a response to the Amended Complaint, and on January 22, 2019, the Clerk of the Court noted Mr. Carter's default **(# 14)**. Cuttaro then filed the instant motion **(#16)**, seeking a default judgment against Mr. Carter in the amount of $118,196.45, reflecting $115,430 in principal and interest owing on the Note and $2,766.05 in attorney fees. The motion recites that Cuttaro served a copy of it by mail on Mr. Carter at the Moselle, MS address. Mr. Carter filed no response to the motion.

## **ANALYSIS**

### **A. Procedural Findings**

Fed. R. Civ. P. 55(b)(2) allows the Court to enter a default judgment against a defendant who has failed to plead or otherwise defend.

The Court finds that it has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Cuttaro has established by affidavit that it is a limited liability company and that all its members are citizens of Colorado. It has alleged that Mr. Wilson is a citizen of Mississippi. The amount in controversy exceeds $75,000.

The Court finds that it has personal jurisdiction over Mr. Carter. Although Mr. Carter is a Mississippi resident, both the Note and Guaranty contain a forum-selection clause, providing that claims of breach arising under them shall be brought in the federal or state courts of Colorado, and that Mr. Carter submits to the jurisdiction of those courts.

The Court finds that service of process upon Mr. Carter was sufficient. The return of service **(# 8)** indicates that Mr. Carter was personally served with the Summons and (Amended) Complaint, thus satisfying Fed. R. Civ. P. 4(e)(2)(A).

2

The Court finds that Cuttaro has provided an affidavit certifying that Mr. Carter is not in active duty status under the Servicemembers Civil Relief Act, 50 U.S.C. § 3911 *et seq.*

**B. Merits**

The Court finds that the allegations in the Amended Complaint, taken as true, adequately allege a claim for breach of contract under Colorado law.[1] To establish a claim for breach of contract, the party asserting such brief must plead and prove: (i) that a binding agreement existed between the parties; (ii) that the plaintiff performed its obligations under the agreement or that such performance was excused; (iii) that the defendant did not perform its obligations under the agreement; and (iv) that the plaintiff suffered losses as a result of the defendant's non-performance. *Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

The Court pauses at this point to note that, here, the parties appear to have entered into <u>two</u> contracts, and that the terms of those contracts are occasionally inconsistent. The Note recites a promise by Mr. Carter to pay the "principal amount" of $97,407.59, plus interest, in a series of monthly payments beginning on October 15, 2018. The interest rate is 12% annually (that is, 1% per month). The Note provides that, should Mr. Carter fall into arrears, a "default interest rate" of 15% annually applies until he becomes current. The Note further provides that, upon a default, Cuttaro "shall have the right to call the entire Principal Amount, Interest, and all other amounts due and owing . . . immediately due any payable by delivering written notice to" Mr. Carter.

The Note provides a "payment schedule" that specifically indicates the amount due on each of the 48 monthly payments -- $2,565.12 -- and calculates how much of each payment will

---

[1] Both the Promissory Note and Personal Guaranty contain a choice of law provision adopting Colorado law.

be allocated to principal and interest. The payment schedule creates (and perhaps resolves) an internal inconsistency or ambiguity within the contracts about how interest is properly calculated. Section 3(a) of the Note provides that interest is payable "on the Principal Amount" at the specified rate (12% or 15%, whichever applies). The "principal amount" of the Note is the $97,407.59 sum. Thus, Section 3(a) of the Note seems to suggest that, at a 12% annual interest rate, Mr. Carter will be charged 1% of $97,407.59 or a flat rate of $974.80 in interest, every month, regardless of the remaining balance of the loan. But the payment schedule reflects a different calculation. It states that, for the first payment in October 2018, Mr. Carter will pay $974.08 in interest. But for the November 2018 payment, the payment schedule calculates that Mr. Carter will pay only $958.17, due to a slightly lowered principal balance. For the December 2018 payment, Mr. Carter will pay $942.10 in interest, and so on. Thus, the payment schedule indicates that interest is calculated not on the "principal amount" as set forth in Section 3(a), but rather, on the principal balance each month.[2]

The Guaranty – which, despite its title, is not a promise by Mr. Carter to honor another party's obligations under another agreement but instead is itself a standalone contract promising payment to Cuttaro on specific terms – is simpler than the Note. It contains a promise by Mr. Carter (jointly and severally with Digital Imaging Solution) to pay Cuttaro $97,407.59, in monthly payments of $2,565.12, with interest at an annual rate of 12% annually, payments beginning on October 15, 2018 and continuing thereafter until the full amount is paid. The

---

[2] Interest is mentioned, indirectly, a third time in the Note: the preamble indicates that Mr. Carter will pay "the Principal Amount, together with interest, as defined below, thereon from the Effective Date on the balance of the Principal Amount from time to time outstanding . . ." (Emphasis added.) This oblique language is somewhat difficult to parse, but it would appear to indicate, like the payment schedule, that interest is calculated on the declining balance owed by Mr. Carter, not as a flat interest amount regardless of the loan's balance.

4

Guaranty provides that, upon a default by Mr. Carter, he will "forthwith pay such outstanding balance owed" ( "such . . . balance" appears to refer back to Section 1 of the Guaranty, which refers to "the balance of principal and interest owed").  This appears to be an acceleration clause that, unlike the one in the Note, does not contain a requirement that Cuttaro first give Mr. Carter written notice of its intent to accelerate.  The Guaranty does not make any mention of a higher interest rate that applies when Mr. Carter is in arrears.  Nor does the Guaranty clarify how interest payments will be calculated – *i.e.* whether they will be based on the principal amount or the principal balance.  The Guaranty does not contain any payment schedule.

With these distinctions in mind, the Court considers whether the factual allegations in the Amended Complaint, which are deemed admitted, coupled with the evidentiary showing made by Cuttaro in its motion, establishes Mr. Carter's liability for breach of contract and the amount of damages that should be awarded.

The Court finds that, first, Cuttaro has established that the parties entered into two separate contracts on or about October 5, 2018.

The Guaranty makes clear that Cuttaro's obligations to Mr. Carter required dismissal of Cuttaro's claims against Mr. Carter and Digital Imaging Solution in another civil action.  The Court takes judicial notice of its own docket records to confirm that on October 10, 2018, Cuttaro dismissed claims against Mr. Carter and the entity in the case of *Cuttaro v. Carter*, D.C. Colo. Civil Case No. 18-cv-02111-RBJ (Docket # 14).  The Note does not recite any obligations that Cuttaro had to Mr. Carter (except with regard to acceleration, as discussed below).  Thus, Cuttaro has shown that it performed its obligations under either contract.

The affidavit of Cara Altman establishes that Mr. Carter has not performed his obligations under either the Note or the Guaranty.  Both called for Mr. Carter to make monthly

5

payments of $2,565.12, beginning on October 15, 2018. Ms. Altman's affidavit establishes that Mr. Carter made a timely first payment on October 15, 2018, failed to make the November and December 2018 payments until January 2019, and did not make the January 2019 payment (or, presumably, any payments thereafter). Thus, the Court finds that that Mr. Carter has failed to perform his obligations under both the Note and the Guaranty.

Finally, Cuttaro has demonstrated that it has suffered losses because of Mr. Carter's breach. At a minimum, Cuttaro has been injured in the amount of $2,565.12 (the stated monthly payment due for January 2019 that has gone unpaid), and presumably, by as much as $15,390.72 (the stated monthly payments unpaid from January through June 2019, the date of this Order).

**C. Award**

The question of the proper measure of damages for Mr. Carter's breach is more complicated. Ms. Altman's affidavit attests that Mr. Carter "owes $115,430.40 in principal and interest," and Cuttaro requests a default judgment against him in that amount. The Court sees two problems with Cuttaro's request.

First, at present – that is, as of mid-June 2019 – Mr. Carter is only in arrears to Cuttaro for the January 2019 through June 2019 payments that have not yet been made. In other words, Mr. Carter currently owes only 6 payments of $2,565.12 or $15,390.72. Cuttaro's demand for more than $115,000 is based upon acceleration of all of Mr. Carter's obligations. The two contracts diverge on how that acceleration is accomplished. The Note provides that Cuttaro can accelerate the amounts due "by delivering written notice to" Mr. Carter . As to this requirement, there is no prescribed form for such notice. At a minimum, Mr. Carter has been served with both the Complaint and this Motion, thus arguably he has received notice of Cuttaro's intention to accelerate the indebtedness. The Guaranty, however, permits Cuttaro to accelerate all of Mr.

6

Carter's indebtedness upon a default, without notice to him. Thus, even if the notice given under the Note was deficient, acceleration under the Guaranty is permissible.

There is, however, a problem in precisely calculating the amount of the accelerated debt. Because acceleration is clearly permitted without notice by the Guaranty, the Court hereafter limits itself to the Guaranty's description of Mr. Carter's indebtedness. The Guaranty provides that Mr. Carter will pay the $97,407.59 principal amount "in monthly principal and interest payments of [$2,565.12] with interest at the rate of 12% per annum." Ascertaining how that interest term interacts with the acceleration of the principal amount poses a tricky question. Cuttaro's argument, as reflected in Ms. Alman's calculation, resolves the matter simply. Ms. Altman appears to simply take the 48 monthly payments of $2,565.12 that are contemplated by the Guaranty,[3] subtracts 3 to reflect the October – December 2018 payments that Mr. Carter made, and then multiplies 45 by the monthly payment amount of $2,565.12 to yield $115,430.40.

But that calculation has the effect of capitalizing all of the interest that Mr. Carter would pay if he stretched his payments out over the four years of the parties' agreement. The Court does not read the Guaranty to provide for such capitalization. Under Colorado law, damages for breach of contract are typically "expectation damages," designed to place the wronged party in the same position they would be if the breaching party fully performed. *Spring Creek Exploration & Prod. Co. v. Hess Bakken Investment II*, 887 F.3d 1003, 1026 (10th Cir. 2018). If the debt were accelerated and reduced to a judgment today, in June 2019, the judgment should reflect what Cuttaro would receive if the contract had been fully performed by Mr. Carter <u>as of</u>

---

[3] Unlike the payment schedule in the Note, the Guaranty does not expressly state that 48 monthly payments are contemplated, only that Mr. Carter will continue making monthly payments until the entire debt is retired. Nevertheless, the Court will assume that the Note's payment schedule also reflects Cuttaro's position on how many payments would be required under the Guaranty to retire the debt.

June 2019. In essence, such judgment would be the amount owed if the debt were paid today – it substitutes for both the Note and the Guaranty. The payment schedule attached to the Note strongly suggests that the parties understood and agreed that all interest would be calculated on a declining balance method, not capitalized as a fixed obligation of Mr. Carter regardless of when he paid off the principal. If Mr. Carter paid the entire obligation in June 2019, Cuttaro would receive no further interest payments.

To calculate the appropriate sum, then, the Court returns to the payment schedule in the Note. That schedule calculates that, after making 3 payments, Mr. Carter's principal balance was $92,586.58. In addition to that principal amount, Mr. Carter owes interest that accumulated on that balance from January to June 2019. Because the Guaranty remains the operative contract for the reasons discussed above, and the Guaranty does not contain a penalty interest rate, the interest accumulating each month is 1% of the principal balance, or $925.86 per month. Multiplied by the 6 months from January – June 2019, that interest comes to an additional $5,555.16. Thus, Mr. Carter's full indebtedness to Cuttaro is $98,141.74. A default judgment in favor of Cuttaro will enter in this amount, said judgment amount to bear interest in accordance with federal law.[4]

---

[4] The Court is aware of the provisions of C.R.S. § 5-12-102(4)(a) that call for a higher post-judgment interest rate. However, in diversity actions like this one, the federal post-judgment interest statute controls. *See e.g. Cappiello v. ICD Publications, Inc.*, 720 F.3d 109, 112-115 (2d Cir. 2013).

**D. Costs and fees**

Finally, Cuttaro seeks to include the sum of $2,766.05 in attorney fees as part of the judgment. The Guaranty provides that Mr. Carter is liable for all costs and fees incurred by Cuttaro in enforcing its terms. Cuttaro has supplied the affidavit of its counsel, Joseph Sanchez, indicating that he bills his time at $285 per hour[5] and indicates that he incurred 11.6 hours in litigating this matter. The billing records Cuttaro attaches are somewhat unclear and require some reconstruction:

• On December 4, 2018, Cuttaro paid $400 in a filing fee to commence this action.

• On December 5, 2018, Mr. Sanchez incurred .8 hours ($228 at his hourly rate) reviewing the Court's practice standards and local rules. A second, unidentified billing entity with the initials SSG also billed .1 hours at $325 per hour for conferring with Mr. Sanchez about refiling the Complaint. Because this second billing entity is not identified in the record, the Court will not award any fees for it.

• On December 6, 2018, Cuttaro paid $87.55 and $87.50 to the process server. It is unclear why two process server fees were paid (and Cuttaro has not provided invoices to clarify the matter) when Mr. Carter is the only Defendant in this case. Thus, the Court will only award one such fee.

• Between December 14, 2018 and January 16, 2019, Mr. Sanchez billed an additional 6.7 hours of time pursuing this action. At $285 per hour, that comes to $1,909.50.

• On January 14, 2019, Cuttaro paid $30 to secure an affidavit attesting to Mr. Carter's lack of active duty status.

The Court finds the hours incurred by Mr. Sanchez listed above to be reasonable, and, based on the foregoing, finds that Cuttaro is entitled to $2,137.50 in attorney fees and $517.55 in costs under the Guaranty.

---

[5] The Court finds Mr. Sanchez's rate to be reasonable for the prevailing market in Denver.

## **CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Cuttaro's Motion for Default Judgment **(# 16)**. The Clerk of the Court shall enter a default judgment in favor of Cuttaro and against Mr. Carter in the amount of $100,796.79, to bear post-judgment interest from the date of entry pursuant to 28 U.S.C. § 1961.

Dated this 21st day of June, 2019.

**BY THE COURT:**

_____

Marcia S. Krieger
Senior United States District Judge